UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Jorge Caravajal,

        Plaintiff

  v.

Dr. Bryan, et. al.,

        Defendants

Case No. 2:20-cv-01449-JAD-BNW

**Order Dismissing
and Closing Case**

Plaintiff Jorge Caravajal brings this civil-rights lawsuit to redress constitutional violations that he claims he suffered while incarcerated at Nevada's High Desert State Prison. On October 21, 2021, this court ordered the plaintiff to update his address and either file an application to proceed *in forma pauperis* by a non-prisoner or pay the full $400 filing fee for a civil action by November 21, 2021.[1] That deadline expired without an updated application, payment of the filing fee, or updated address from the plaintiff, and his mail from this court is being returned as undeliverable.[2]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action based on a party's failure to obey a court order or comply with local rules.[4] In determining whether to dismiss an action on one of these grounds, the court must

---

[1] ECF No. 6.

[2] *See* ECF No. 7.

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S.*

consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[7] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[8] Because this action cannot realistically proceed without the ability for the court and the defendants to send plaintiff case-related documents, filings, and orders, the only alternative is to enter a second order setting another deadline. But

---

*Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

[5] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[8] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

without an updated address, the likelihood that the second order would even reach the plaintiff is low, so issuing a second order will only delay the inevitable and further squander the court's finite resources.  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

      Having thoroughly weighed these dismissal factors, I find that they weigh in favor of dismissal.  IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice based on the plaintiff's failure to file an updated address in compliance with this Court's October 21, 2021, order.  The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.  If Caravajal wishes to pursue his claims, he must file a complaint in a <u>new</u> case and provide the court with his current address.

Dated: December 7, 2021

                                                      U.S. District Judge Jennifer A. Dorsey